### KNOTTS et al. v. VIRGINIA–CAROLINA CHEMICAL CO.

(Circuit Court of Appeals, Fourth Circuit. February 24, 1913.)

No. 1,131.

1. **BILLS AND NOTES (§ 139\*)—ACTIONS—DEFENSES—AGREEMENT FOR EXTENSION.**

A promise by the holder of notes after their maturity to extend the time of payment on an agreement by the makers to apply thereon the proceeds of certain securities already pledged for their payment *held* not enforceable for want of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 340–354; Dec. Dig. § 139.\*]

2. **BILLS AND NOTES (§ 537\*)—ACTIONS—AMOUNT OF RECOVERY—ATTORNEY'S FEES.**

In an action on promissory notes which provide that the makers shall pay the costs of collection and attorney's fees, not liquidated, the amount recoverable is a question of fact, which the defendants are entitled to have submitted to the jury.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. § 537.\*]

3. **JUDGMENT (§ 188\*)—JUDGMENT ON MOTION—VALIDITY—TIME OF ENTRY.**

A motion for an order overruling an answer as frivolous may properly be heard and disposed of by a District Court on a rule day or in vacation, and a judgment entered on such order at the next ensuing term of court is valid.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 348; Dec. Dig. § 188.\*]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. M. Smith, Judge.

Action at law by the Virginia-Carolina Chemical Company against D. J. Knotts, C. B. Dowling, and C. H. Corbitt, copartners as Knotts, Dowling & Co. Judgment for plaintiff, and defendants bring error. Reversed in part.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alva C. De Pass, of Columbia, S. C., and H. E. De Pass, of Spartanburg, S. C. (De Pass & De Pass, of Columbia, S. C., on the brief), for plaintiffs in error.

J. Nelson Frierson, of Columbia, S. C. (Barron, Moore, Barron & McKay, of Columbia, S. C., on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and WADDILL, and ROSE, District Judges.

PRITCHARD, Circuit Judge. The plaintiff below instituted an action in the District Court for the Eastern District of South Carolina against the defendants upon seven promissory notes, each one being the foundation of a separate cause of action, but all the causes of action were one complaint. A copy of each note is set out in full in the complaint. The defendants answered, admitting the formal allegations of the complaint and the execution of the notes sued on, but denying that the notes were due, and further denying that any attorney's fees were due on said notes. The answer also set up, as a further defense and by way of counterclaim, an alleged agreement between plaintiff and defendants for the extension of time of payment of said notes.

After service of the answer and of plaintiff's reply thereto, the plaintiff, upon notice duly given, moved for an order overruling the answer as frivolous and for judgment thereon. This motion was noticed for and heard upon the rules day in July, 1912, and further on the 22d day of July, 1912, the learned judge who heard this case below handed down an order adjudging the answer of the defendants to be frivolous, and directing that the plaintiff have judgment against the defendants upon the notes set out in the complaint. Pursuant to this order, judgment was entered in favor of plaintiff and against the defendants on the 31st day of July, 1912. Defendant below excepted, and the case comes here on writ of error.

Counsel for the plaintiff below filed a motion in this court, suggesting the diminution of the record, and asked leave to file as a part of the record herein the certificate of Richard W. Hutson, clerk of the District Court for the District of South Carolina, dated October 11, 1912. This motion was granted. The certificate in question is in the following language:

"I, Richard W. Hutson, clerk of the District Court of the United States for the District of South Carolina, do hereby certify that at the regular June term, 1912, of this court, an order for judgment against the defendants was entered in the above-entitled case on the 22d day of July, 1912, the said regular term then being still in session; said order being the same as the order set out upon page seventeen (17) of the transcript of record upon the appeal of the above-entitled case to the United States Circuit Court of Appeals for the Fourth Circuit. I do further certify that, pursuant to said order judgment was duly entered in favor of the plaintiff and against the defendants above named upon the 31st day of July, 1912, and that upon said date and at the time of the entry of said judgment the said regular June term, 1912, of said court was still in session; said judgment being the same as that set forth upon page twenty-one (21) of the transcript of record above referred to.

"Given under my hand and seal of said court at Charleston, S. C., this 11th day of October, 1912."

It is insisted by counsel for the defendants below that the court erred in adjudging that the answer of the defendants was frivolous and directing that the plaintiff should have judgment against the defendants. The court, among other things, in referring to this question, said:

"The complaint alleges the execution of the separate promissory notes duly itemized and set up in the complaint. It also alleges that these notes have matured and have not been paid. This action is against the maker of the notes. The answer admits all the jurisdictional allegations, admits the execution of the notes, and admits their nonpayment, and pleads in defense only that the time of payment of the notes had been extended, and therefore the right to sue had not accrued at the time of the bringing of the action. On this point the answer is in the nature of a plea in abatement to the action as having been prematurely brought. The answer in defense to the complaint does not set up the plea of abatement in proper legal form, but it refers to the subsequent part of the answer in which a counterclaim is endeavored to be interposed."

[1] It appears that the notes sued upon had all become due and payable before the alleged agreement for extension of time was made. Thus it will be seen that the defendants were, at the time that the alleged agreement was made, under obligation to pay the plaintiff, and, the time in which payment was to have been made having expired, the plaintiff's cause of action had accrued, and it was in a position to commence suit at once to enforce the collection of these notes. Under these circumstances the question naturally arises as to whether the agreement in question was such as to relieve the defendants of the obligation to pay these notes at that time. It is well settled that consideration is essential to the validity of an agreement to extend the time of payment of a bill or note. The court below was of the opinion that this agreement was not based on a consideration, and therefore did not avail the defendants as a defense to this action, and in disposing of the matter among other things, said:

"The whole obligation as set up on the part of the defendants is wholly executory, loose, uncertain, and conditional upon the defendants' own performance. If the defendants collected as much as anticipated on the obligations mentioned, and if the defendants applied these collections to the plaintiff's notes, and if the defendants gave additional collateral security, then the plaintiff was to grant the extension. The plaintiff is assumed to be bound, but the defendants in no way more than they were already. If, after procuring the extension that it is alleged was agreed to, be given them, the defendants had failed to give any additional security, or failed to make collections mentioned, or failed to apply them to the plaintiff's notes, then all and entirely the consideration upon which said alleged forbearance was given would have failed. That a promise for a promise is a good consideration, as contended by the defendants, is true, but where there is a mutually enforceable obligation, and the promise made by each of the respective parties is for the performance of some act which, save for the promise, the party promising would not be legally bound to perform. In the present case the defendants claimed that the plaintiff promised to forbear enforcing legal rights, which save for the promise (if made) the plaintiff was not bound to do, in return for the defendants' promise to do something which it was already legally bound to do. The counter promise on which the plaintiff's promise is claimed to be based was one for the performance of an act which the defendants without the new promise were already legally bound to perform, and the alleged agreement consequently lacked mutuality and consideration. In the opinion of the court the mere promise of the defendants at a future time

to give additional security for a balance to be thereafter ascertained, after the application to the debt that they owed at the time of the proceeds of the securities which already belonged to the plaintiff, and which they were bound to so apply, constituted no sufficient valuable consideration, and there is set up in the answer in defense no question of fact which, if established, would constitute a defense to this action. So far as the counterclaim sought to be interposed in the answer is concerned, it is based upon the same fact which is here held to be no defense, and thus rests upon no legal basis. The mere fact that a man may bring an action prematurely, and before in law he may be entitled to bring it, constitutes no legal grievance for which a right of action for damages would accrue against him in favor of the person against whom the action was brought. The mere fact that an action is brought prematurely, through a mistaken view of the law, is not a legal wrong. It is therefore adjudged that the answer herein is frivolous and that the plaintiff have judgment against the defendants upon the notes pleaded and set up in the complaint, the same being liquidated, admitted demands, with interest at the rate of 8 per cent. per annum from their respective maturities upon the notes as alleged in the complaint and admitted in the answer, after giving due credit for the amounts admitted to have been paid at the time of payment, together with the sum of 10 per cent. upon the total which may be so due upon the date of judgment to cover all costs of collection and attorney's fees agreed to be paid in said notes; the sum of 10 per cent. being hereby adjudged to be a reasonable fee to cover such costs and the collection of said notes, when collected by litigation in a case such as the present."

A careful consideration of the facts in the light of the authorities leads us to the conclusion that the action of the lower court in striking out the answer of the defendants on the ground that it was frivolous was proper, and we do not deem it necessary to enter into a further discussion of this question.

[2] The eleventh assignment of error is to the effect that the court below erred in holding that, in addition to the principal and interest on the notes, the plaintiff was entitled to recover 10 per cent. for the collection of notes and attorney's fees; that, this claim being unliquidated, judgment upon the same should not have been given by the trial judge. The amount claimed as attorney's fees not being liquidated, the amount which plaintiff was entitled to recover was a question of fact, which should have been submitted to a jury. Therefore we are of the opinion that the lower court erred in not submitting this question to a jury to determine the amount, if any, that plaintiff was entitled to recover on account of such claim.

[3] We will now consider the twelfth assignment of error, to wit, that the court below erred in allowing judgment to be entered in this case on the 31st day of July, 1912, in favor of the plaintiff and against the defendants, upon the ground that the judgment was rendered during vacation, and not at a regular term of the court. It is argued in support of this contention that inasmuch as, under the rules of the District Court of the United States for the District of South Carolina, judgment by default may be entered at rules and during vacation, yet the court was not authorized to enter final judgment during vacation, and only had the power to direct the same to be enrolled on the judgment docket, and that a final judgment could not be entered until the next term of the court.

It appears, as we have stated, that after service of the answer, and of plaintiff's reply thereto, the plaintiff, upon notice duly given, moved

for an order overruling the answer as frivolous, and for judgment thereon. While this motion was noticed for and heard upon the rules day in July, the order of the learned judge who heard the case below was not entered until the 22d day of July, 1912. It further appears from the certificate of the clerk of the District Court that pursuant to said order judgment was entered in favor of the plaintiff and against the defendants on the 31st day of July, 1912, at which time the court was still in session. That the presiding judge, at rules and during vacation, had the power to adjudge that the answer was frivolous, is undoubtedly true; and this is all that the court did during vacation. It further appearing that after this action had been taken by the court, and the case placed upon the docket, a final judgment was entered while the court was in session, we are of the opinion that the action of the lower court was proper.

Being of the opinion that the court below was in error as to the claim for attorney's fees, it follows, from what we have said, that the judgment in favor of the plaintiffs, except the amount claimed to be due as attorney's fees, should be affirmed, and the judgment as to this amount should be reversed.